### FEYLER *v.* FEYLER.

No appeal lies from an order of the Court of Common Pleas directing the plaintiff to become nonsuit. The remedy for the party aggrieved, is by exceptions pursuant to *Stat.* 1822. *ch.* 193.

Whether the plaintiff may file a new writ, the original being lost, *quære.*

WHILE this action, which was trespass *quare clausum fregit,* was pending in the Court below, the original writ was acci-

Feyler *v.* Feyler.

dentally lost. The plaintiff thereupon-moved for leave to file a new writ, which was refused by the Court, who ordered a nonsuit to be entered, and gave judgment for the defendant for costs. From this order and judgment the plaintiff appealed to this Court, and now entered his appeal, and renewed his motion for leave to file a new writ; producing a substantial copy of the original, verified by the affidavits of the attorney who drew it, and of the officer who made the service.

*Orr* and *Reed* resisted the motion, on the ground that here was nothing to amend by, the declaration, by our practice, being inserted in the body of the writ. But they also objected that the case was not regularly before this Court, the law permitting an appeal only in cases where an issue has been joined.

*Allen* and *Bulfinch,* to shew that the remedy was by appeal, cited *Bemis v. Faxon* 2 *Mass.* 141. *Lampheare v. Lamprey,* 4 *Mass.* 107. *Tappan v. Bruen,* 5 *Mass.* 193. *Wood v. Ross,* 11 *Mass.* 271. And to shew the authority and practice of the Court to grant leave to file new writs, they cited the case of a loss of the records of *nisi prius* and writs of *hab. cor. jurat. Barnes' Notes,* 466—issue roll and records, 1 *Caines,* 496—indictment, 3 *Caines,* 104, 88.—*fieri facias,* 3 *Johns.* 448.

MELLEN C. J. delivered the opinion of the Court at *Augusta* in the ensuing week, as follows.

The *Stat.* 1822. *ch.* 193. *sec.* 4. provides for an appeal by either party in any personal action, wherein *any issue has been joined,* under certain limitations as to the amount, and conditions as to costs. There was a similar limitation of the right of appeal in the *Stat.* 1811. *ch.* 33.; but not in the *Stat.* 1782. *ch.* 11. which permitted an appeal by " any party aggrieved at the " judgment of the Court of Common Pleas upon any action." This provision remained in force till the *Stat.* 1803. *ch.* 155. took away the right of appeal from any judgment rendered in that Court upon default. The cases of *Bemis v. Faxon* and of *Lampheare v. Lamprey,* which refers to it, were founded on the act of 1782, which did not confine the right of appeal to cases

where issue had been joined. But our *Stat.* 1822. *ch.* 193. *sec.* 5. expressly provides that " either party aggrieved by any " *opinion, direction,* or *judgment* of said Court of Common Pleas " in any matter of law, may allege exceptions to the same," in a summary manner, and pursue his remedy in the mode there pointed out ;—and this provision extends to cases where either party is aggrieved, *whether issue has been joined or not.* No party therefore is without remedy. The plaintiff should have pursued this course in the present case ; but having omitted so to do, the case is not regularly before us, and we can only dismiss it as a misentry. Of course it is not necessary that we should give any opinion on the question of filing a new writ. It is hardly necessary to add that the cases cited from *Massachusetts* bear no resemblance to this, and were decided upon principles which have since been changed.

See *Frothingham v. Dutton,* ante, p. 255.